A01A0375. KING INDUSTRIAL REALTY, INC. v. WORTHINGTON CUSTOM PLASTICS, INC.
(549 SE2d 153)

PHIPPS, Judge.
King Industrial Realty, Inc. sued Worthington Custom Plastics, Inc. for breach of an "exclusive right of sale" agreement covering commercial property owned by Worthington. King sought damages in the amount of the commission due under the agreement (Count 1), the fair value of the services it rendered in marketing the property (Count 2) and attorney fees and expenses under OCGA § 13-6-11 (Count 3). The trial court granted Worthington's motion for partial summary judgment on Counts 1 and 3 of King's complaint. King claims that the trial court improperly interpreted the language of the agreement and that it is entitled to proceed on all of its claims. Because we find that the trial court properly granted Worthington's motion, we affirm.

On May 1, 1996, King and Worthington entered into a listing agreement whereby Worthington granted King the exclusive right to list and use its efforts to secure a purchaser for the subject property. The exclusive listing was to last for 180 days and thereafter, until revoked by ten days written notice by either party. The agreement provided that Worthington would pay a six percent commission to King for finding a purchaser. The commission was to be paid whether the purchaser was secured by King, Worthington or any other person.

On July 22, 1996, Worthington sent a notice attempting to cancel the listing agreement, effective July 23, 1996. Worthington now concedes that the listing agreement did not expire until the end of the 180-day period, or October 27, 1996.

On July 24, 1996, Worthington leased the property to American Millwork for a period of three years. The lease gave American Millwork an option to purchase the property at any time during the lease term. On April 15, 1999, Worthington sold the property to American Millwork.

King argues that it is owed a commission on the sale because the purchaser was "secured" when the lease was signed during the term

of the listing agreement even though the property was not actually sold until almost three years later.

"Each contract by which one employs another to sell real estate must be construed according to its particular stipulations."[1] If the terms used are clear and unambiguous, they are to be construed according to their plain, ordinary and popular sense.[2]

Based on the language of the exclusive listing agreement, we conclude that no commission is due. The agreement provided that King was to be paid a commission if a purchaser, not a lessee, was secured during the term of the listing agreement. The lease gave American Millwork the option to determine if and when it would purchase the property, and the actual purchase did not take place until almost two and one-half years after the listing agreement had expired. Thus, the trial court properly held that King was not entitled to a commission or to its attorney fees and expenses for pursuing this litigation.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 7, 2001.

*Davidson & Fuller, Stephen P. Fuller,* for appellant.
*Jones, Day, Reavis & Pogue, Robert M. Martin,* for appellee.

[1] *Humphries & Jackson v. Smith*, 5 Ga. App. 340, 343 (3) (63 SE 248) (1908).
[2] *Goodman v. Frolik & Co.*, 233 Ga. App. 376, 377 (1) (504 SE2d 223) (1998).